Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

LOCAL COUNSEL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARISSA HARRIS, on Behalf of Herself and on Behalf of All Others Similarly Situated, | Case No. _____ |
| Plaintiff(s), | COMPLAINT – COLLECTIVE ACTION |
| vs. | JURY DEMANDED |
| DIAMOND DOLLS OF NEVADA, LLC dba the SPICE HOUSE, KAMY KESHMIRI, JAMY KESHMIRI | 29 U.S.C. 201 et. Seq. |
| Defendants. | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I.   SUMMARY**

1. Defendants permitted and indeed required Clarissa Harris ("Plaintiff") and others similarly situated ("Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons, and even tips were partly confiscated by the club.

2. Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3. Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

4. Defendants' practice of failing to pay employees any wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and confiscating tips also violates the FLSA because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5. Defendants owe Plaintiffs minimum wages, house fee charges, tips, liquidated damages, attorney's fees, and costs.

6. Plaintiff prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.  SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.  PARTIES AND PERSONAL JURISDICTION

9. Named Plaintiff Clarissa Harris is an individual who resides in Washoe County. Her consent to this action is attached as Exhibit A.

10. Putative opt-in Plaintiffs are those who are similarly situated to Named Plaintiff and who will file a valid opt in consent to join this action before or after notice of the collective action.

11. Diamond Dolls of Nevada, LLC, doing business as Spice House, is a Nevada limited liability company that may be served with process by serving registered agent Kamy Keshmiri at 515 S Virginia St., Reno, NV, 89501.

12. Kamy Keshmiri is an owner of Spice House and may be served at 515 S Virginia St., Reno, NV, 89501.

13. Jamy Keshmiri is an owner of Spice House and may be served at 515 S Virginia St., Reno, NV, 89501.

14. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in Nevada and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15. Defendants have and continue to have systematic contacts with Nevada sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Nevada by operating a successful club in Reno. Defendants also employ workers and contract with residents and businesses in Nevada.

16. This cause of action arose from or relates to the contacts of Defendants with Nevada residents, thereby conferring specific jurisdiction over Defendants.

### IV. COLLECTIVE ALLEGATIONS

**A.   FLSA Class Members**

17. Named Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Spice House.

18. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

19. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

20. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

21. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

22. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

23. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

24. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

25. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

26. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

27. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

28. As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following class:

**All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## V.   FLSA COVERAGE

29.  At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

30.  The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

31.  At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

32.  Furthermore, Defendants have had, and continue to have, an annual gross business volume with Spice House of $500,000 or higher.

33.  Individual owner and manager Walker is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the primary individual responsible for maintaining employment records.

34.  At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## VI.   FACTS

35.  Defendants operate an adult entertainment club in Nevada, under the name of "Spice House Adult Cabaret".

36.  All of the facts pled below on behalf of "Plaintiffs" also apply to named Plaintiff.

37.  Plaintiffs were previously employed as exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

38. Plaintiffs worked on a regular basis for Defendants' gentlemen's establishment.

39. Named Plaintiff Clarissa Harris consistently worked at Spice House's for several years, going back to 2003. Her statutory period under the FLSA started three years from the filing of this Action, at which time she worked at Spice House. She continued to work there until May 2017.

40. She worked 4 shifts a week and worked around 8 hours per shift.

41. Plaintiff Harris never received any wages during her employment with the club.

42. For example, during at least one workweek in September 2016 (towards the beginning of her statutory period under the FLSA) and on until May 2017 when she left the club, Harris worked at Spice House for at least one hour and was not paid the federal minimum wage.

43. This continued for the entirety of her employment. That is, Plaintiff did not earn a single cent in minimum wage while at Spice House.

44. Similarly, putative opt in Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

45. Plaintiffs were classified by Defendants as independent contractors who "leased" the premises and therefore actually paid the club to dance there.

46. On at least one occasion during the statutory period, Plaintiffs left the club with negative earnings, that is, they made less than what they paid in "rental fees" to dance at the club.

47. Upon information and belief, Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

48. Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers.

49. Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dancers for customers. These amounts were not recorded in the club's gross sales receipts and

were not distributed back to dancers. As alleged, no wages were provided to dancers.

50. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiffs were employees of Defendants.

51. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

52. The following non-exhaustive list further demonstrates the dancers' status as employees:

    a. Defendants charged Plaintiffs a fine if they left their shift early; often, Defendants made Plaintiffs stay at the club until a replacement was found;

    b. Defendants forced Plaintiffs to pay a house fee to dance in the club;

    c. Defendants made the decision not to pay wages or overtime;

    d. Defendants set the price for private dances at the club and kept a portion of the dance revenues for themselves;

    e. Defendants provided the Plaintiffs with music, poles, stages, and lighting, and the Plaintiffs simply danced;

    f. Defendants made Clarissa Harris dance a minimum of two songs per shift, one nude and one clothed;

    g. Defendants mandated that Plaintiffs pay managers a tip from Plaintiffs' own earnings;

    h. Defendants auditioned the dancers but did not provide training, the main consideration was attractiveness of the dancer;

    i. Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

    j. Defendants employed Plaintiff and Class Members for several months if not years at one time;

    k. Plaintiffs constituted the workforce without which Defendants could not perform their services;

l. Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

53. Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

54. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

55. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

56. Defendants failed to keep adequate records of Plaintiff's and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

57. Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;
   b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;
   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or another basis;
   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";
   e. The hours worked each workday and total hours worked each workweek;
   f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;
   g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;
   h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

      i. The dates, amounts, and nature of the items which make up the total additions and deductions;

      j. The total wages paid each pay period; and

      k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

58. Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## VII.  CAUSES OF ACTION

### COUNT I:
### Failure to Pay Minimum Wages and Wages Due (Collective Action)

59. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

60. Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

61. Defendants unlawfully charged Plaintiffs rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

62. Because they paid no wages, Defendants violated the law.

63. Additionally, Defendants took tips and wages from Plaintiffs unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

64. Taking tips outside of a valid tip pool, or generally passing on to employees to cost of doing business is illegal under the FLSA.

65. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

### COUNT II

**Fair Labor Standards Act, 29 U.S.C. § 203 (Unlawful Tip Sharing – Collective Action)**

66. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### VIII. DAMAGES SOUGHT & JURY DEMAND

67. Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

68. Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them, tips taken from dance performances, and any additional wages owed.

69. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

70. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

71. Plaintiffs hereby demand a trial by jury.

### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief:

    A. All unpaid wages at the FLSA mandated minimum wage rate;

    B. All misappropriated money;

    C. An equal amount of wages as liquidated damages as allowed under the FLSA;

    D. Prejudgment and post-judgment interest on unpaid back wages under the FLSA;

    E. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      F.  Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,

DATED: 9/25/2019          LAW OFFICES OF MICHAEL P. BALABAN

By: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023

LOCAL COUNSEL

AND

KENNEDY HODGES, L.L.P.

DATED: 9/25/2019          By: /s/ Ved Chitale
Ved Chitale (pending admission pro hac vice)
Texas State Bar No. 24099613
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS