**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARISSA HARRIS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIAMOND DOLLS OF NEVADA, LLC, et al.,<br><br>　　　　Defendants. | Case No. 3:19-CV-00598-RCJ-CLB<br><br>**ORDER** |

Plaintiff brings this collective action arguing that Defendants failed to pay minimum wage and unlawfully pooled tips. Defendants filed this motion to dismiss and strike (ECF No. 14) claiming the whole case is time-barred, one count relies on invalid regulations, and other workers have agreed to arbitration. However, Plaintiff adequately alleged willfulness, elongating the statute of limitations, and does not rely on the invalid regulations. Lastly, the Court declines to consider Defendants' extrinsic evidence. Thus, the Court denies the motion.

**FACTUAL BACKGROUND**

According to the complaint, Defendants employed Plaintiff as an exotic dancer from 2003 to May 2017. Plaintiff brings two claims alleging that Defendants intentionally failed to pay

minimum wage and pooled tips in violation of the Fair Labor Standards Act (FLSA). Plaintiff further alleges that Defendants' unlawful practices extended to all employees similarly situated to herself and continues to the present day. Specifically, Plaintiff alleges facts to show that she and other dancers were employees, that they were not paid minimum wage, and that the tips were pooled with employees who do not ordinarily and customarily receive tips. Accordingly, Plaintiff has brought this collective action on behalf of herself and those similarly situated based on the alleged conduct from September 25, 2016 to present.

## LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In interpreting this Rule, the Supreme Court has noted that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than . . . 'labels and conclusions' or 'formulaic recitations of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility is satisfied where the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility does not require a demonstration of probability, but "asks for more than a sheer possibility." *Id.*

Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Consequently, while the Court "accept[s] all material allegations in the complaint as true and construe[d] . . . in the light most favorable to" the nonmoving party, *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), it is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is it required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

## ANALYSIS

Defendants move to dismiss Count II on the merits and the complaint in its entirety as time-barred. Defendants further move to strike all collective and/or class action allegations pursuant to Fed. R. Civ. P. 12(f). The Court analyzes each of these items in turn, beginning with the statute of limitations issue.

### I.    *Statute of Limitations*

In passing the FLSA, Congress instituted a bifurcated statute of limitations. Generally, claims have a two-year statute of limitations but those "arising out of a willful violation" have a three-year limit. 29 U.S.C. § 255(a). "Willful" conduct has been defined as that where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). While negligent conduct alone will not satisfy the willfulness requirement, neither does a plaintiff need to show that the employer knowingly violated the FLSA. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016).

Defendants first argue that Plaintiff did not adequately allege willfulness, but they are incorrect. Willfulness is a "condition of a person's mind [which] may be alleged generally." Fed. R. Civ. P. 9(b). *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) (distinguishing between the pleading and summary judgment stages and noting that "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity"). Therefore, the general allegations of willfulness in Plaintiff's complaint, (*see, e.g.*, ECF No. 1 at ¶¶ 50, 54–56), are sufficient to survive the motion to dismiss.

Next, Defendants assert that Plaintiff cannot prove willfulness because "[t]he law on the independent contractor status of dancers who work in Nevada was at that time, and continues today to be uncertain." (ECF No. 14 at 5:24–25.) However, Defendants fatally conflate the status of the law with the status of individual plaintiffs. The law itself is settled—federal courts apply the "economic realities" test in determining whether a person is an employee or independent contractor. *Boucher v. Shaw*, 572 F3d 1087, 1090–91 (9th Cir. 2009). Thus, this argument fails.

Additionally, Defendants rely on evidence extrinsic to the pleadings to show that Plaintiff and the other dancers are independent contractors—not employees. Federal Rule of Civil Procedure 12(d) gives the Court discretion to convert a motion to dismiss into a motion for summary judgment. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). However, whether a worker is an independent contractor or an employee is fact-intensive test determined on a case-by-case basis, which this Court finds inappropriate to decide at this early stage of the proceedings. Accordingly, the Court declines to convert the motion to dismiss into a motion for summary judgment and excludes this evidence. In sum, Plaintiff has adequately alleged that Defendants willfully violated the FLSA, so the case, as alleged, is timely.

## II.   Count II

Defendants argue that Plaintiff's second claim, unlawful tip pooling in violation of 29 U.S.C. § 203(m), is improperly premised upon a Secretary of Labor regulation which has since been legislatively reversed and must therefore be dismissed with prejudice. In support, Defendants point to this Court's ruling in *Cesarz v. Wynn Las Vegas LLC*, No. 2:13-CV-00109-RCJ-CWH, 2019 WL 237389 (D. Nev. Jan. 16, 2019). However, Plaintiff does not premise her claim on the regulations, so *Cesarz* is not applicable to the instant case.

While *Cesarz* did hold that claims brought under the later reversed regulations were invalid, Plaintiff in this case brings her claim under the text of FLSA. As the relevant time period

in this case starts in September 2016, there are two versions of the statute at issue. In the first, effective from December 2014 to March 2018, Congress instructed that the subsection regarding tips and wages "shall not be construed to prohibit the pooling of tips *among employees who customarily and regularly receive tips*." 29 U.S.C. § 203(m)(2) (2014) (emphasis added). When Congress amended the FLSA in 2018, it kept this language but added another clause instructing that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B). The Court analyzes the applicability of each of these versions separately.

   *a.*  *Conduct Prior to 2018 Amendment*

As a general matter, tipping arrangements between an employer and employee are presumptively valid "in the absence of statutory interference." *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942). The Ninth Circuit has interpreted § 203(m) to provide such statutory interference "only to employers who did take a tip credit." *Oregon Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080, 1084–85 (9th Cir. 2016). Here, Plaintiff alleges that she and others similarly situated "were compensated exclusively through tips from Defendants' customers." (ECF No. 1 at ¶ 47.) Taken as true, which this Court must, this claim indicates that Defendants did take tip credits and are therefore subject to § 203(m). Plaintiff further alleges that "Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers." (ECF No. 1 at ¶ 48.) Thus, Plaintiff properly claims violation of § 203(m) for herself and any potential plaintiffs who worked at Defendant's establishment prior to March 2018.

///

///

*b.     Conduct Following 2018 Amendment*

The analysis for the current edition of § 203(m) is the same as that above, except that Congress amended the statute to explicitly prohibit managers from "keep[ing] any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Hence, the facts alleged in Plaintiff's complaint are sufficient to claim a violation of the current version of § 203(m). However, the question remains whether Plaintiff is an appropriate individual to bring such a claim due to her lack of individual standing.

Under 29 U.S.C. § 216(b), "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." C*ampbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018). Further, the statute provides the "right . . . to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action." 29 U.S.C. § 216(b). That is, an employee may either initiate a collective action or join an already-existing action.

Generally, courts analyze the appropriateness of a collective action in two distinct stages: First, plaintiffs move for preliminary certification of the collective contemporaneously with the pleadings. *Campbell*, 903 at 1109. Granting a request for preliminary certification then results in an opt-in notice being sent to putative collective members. *Id.* Second, after the close of relevant discovery, defendants may move to decertify the collective. *Id.*

Here, Plaintiff has not moved for preliminary certification, nor does Defendant address the propriety of putative opt-in members beyond alleging that existing arbitration agreements make sending opt-in notices futile. Because neither party has fully briefed the issue, the Court declines to make a ruling as to the appropriateness of claims for conduct occurring after the 2018 amendment. Accordingly, the Court denies Defendants' motion to dismiss as to the collective claims accruing after March 23, 2018.

### III. Request to Strike

Defendants further request this Court strike Plaintiff's collective action allegations, arguing that their regular business practice is to have all exotic dancers sign arbitration agreements limiting available judicial remedies and thus there are no other potential members to the collective action. While Defendants' allegations, if supported by evidence, may be grounds for dismissal, Fed. R. Civ. P. 12(f) limits the Court's ability to strike pleadings to those that are "redundant, immaterial, impertinent, or scandalous matter." Defendant has not argued that any of these descriptors apply to the collective action claims, therefore the Court denies the motion to strike.

### CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that Defendants' Request to Strike (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated March 2, 2020.

_____
ROBERT C. JONES
United States District Judge