UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLARISSA HARRIS, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

DIAMOND DOLLS OF NEVADA, LLC, et al.,

    Defendants.

Case No. 3:19-CV-00598-RCJ-CLB

**ORDER**

Plaintiff moves for preliminary certification of the proposed class and approval of the proposed Notice and Consent forms. (ECF No. 35 (motion); ECF No. 36 Ex. B (notice); ECF No. 36 Ex. C (consent).) Defendants do not oppose preliminary certification or notice to potential class members but argue that Plaintiff's proposed notice should be modified to reduce its scope and delete certain phrases that improperly suggest this Court's endorsement of the merits of Plaintiff's case. The Court grants Plaintiff's motion for preliminary certification of the proposed class and approves Plaintiff's proposed forms with certain modifications as discussed below.

**FACTUAL BACKGROUND**

According to the complaint, Defendants employed Plaintiff as an exotic dancer from 2003 to May 2017. Plaintiff alleges that Defendants intentionally failed to pay minimum wage and pooled tips in violation of the Fair Labor Standards Act (FLSA). Plaintiff further alleges that Defendants' unlawful practices extended to all employees similarly situated to herself and continues to the present day. Specifically, Plaintiff alleges that she and other dancers were

employees, that they were not paid minimum wage, and that their tips were pooled with employees who do not ordinarily and customarily receive tips. Accordingly, Plaintiff brought this collective action on behalf of herself and those similarly situated based on the alleged conduct from September 25, 2016 to present.

## LEGAL STANDARD

FLSA certification occurs in two stages: "First, at or around the pleading stage, plaintiffs will typically move for preliminary certification." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) "'Preliminary certification' of an FLSA collective action—also known as 'provisional' or 'conditional' certification—[has] . . . '[t]he sole consequence' of . . . 'sending . . . court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). Second, "at or after the close of relevant discovery[,] . . . [t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point." *Campbell*, 903 F.3d at 1109.

A court may approve preliminary certification upon a plaintiff showing that all putative class members are "similarly situated." 29 U.S.C. § 216(b). "The level of consideration [at the preliminary stage] is 'lenient,'—sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Campbell*, 903 F.3d at 1109 (internal citations omitted). To be "similarly situated," "party plaintiffs must be alike with regard to some material aspect of their litigation . . . [such that the similarity] 'allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.'" *Id.* at 1114 (second omission in original) (emphasis omitted) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). That is, "Party plaintiffs are similarly situated, and may proceed in a collective,

to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. Furthermore, where "the party plaintiffs' factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id.* (emphasis omitted).

## ANALYSIS

Defendants request modification of Plaintiff's proposed notice in three ways: First, Defendants request the notice "clearly and plainly indicate[] that a dancer could only opt-in to this action if the dancer had not signed an arbitration agreement containing a class action waiver." (ECF No. 40 at 2:9–10 (emphasis omitted).) Second, Defendants request the phrases "COURT AUTHORIZED NOTICE TO POTENTIAL CLASS MEMBERS" and "THIS IS A COURT APPROVED NOTICE" be removed from the proposed notice. Third, Defendants request the phrase "I agree to be represented by Don Foty, counsel for the named Plaintiff" in the consent form be modified to correct the discrepancy between the proposed notice and the consent form as to the identity of Plaintiff's counsel. The Court discusses each in turn.

*I.     Arbitration Agreement*

Defendants argue that issuing notice to those potential class members who have signed arbitration agreements "would be both misleading and futile." (*Id.* at 2:7–8.) However, Defendants cite only a single case from outside this Circuit in support of that proposition, *Lanqing Lin v. Everyday Beauty Amore Inc.*, No. 18-cv-729 (BMC), 2018 WL 6492741 (E.D.N.Y. Dec. 10, 2018). Such support is insufficient in light of the overwhelming weight of authority from within this Circuit holding that issues of arbitration are to be addressed either in a motion to compel arbitration or in the second stage of the certification process. *See, e.g.*, *Greene v. Omni Limousine, Inc.*, No. 2:18-CV-01760-GMN-VCF, 2019 WL 2503950, at *4 (D. Nev. June 15, 2019) ("[N]o district court in our circuit has denied conditional certification on the basis that some members of

the proposed collective may be subject to valid and enforceable arbitration clauses. The decisions that have addressed that issue have all found that the issue of the enforceability of arbitration clauses related to the merits of the case and therefore should be dealt with in phase two." (quoting *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424 (N.D. Cal. 2015))); *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-CV-00979-APG-CWH, 2019 WL 3430770, at *5 (D. Nev. July 29, 2019) ("Withholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement. Further, the validity of the arbitration agreement is not an issue before this court. Lastly, the existence of an arbitration agreement goes to an aspect of defendants' defense, and the enforceability of such an agreement is better reserved for stage two."). This Court agrees with that weight of authority and therefore declines to limit the scope of the notice only to those potential class members who have not signed arbitration agreements.

## II.     Contested Phrases

"[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). This direction arises from the premise that "[c]ourt intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims." *Id.* Nevertheless, *Hoffman-La Roche*, itself, identifies the notice as a "court-authorized notice." *Id.* at 171. Therefore, keeping in mind its duty to ensure that notices are "timely, accurate, and informative," *id.* at 172, the Court declines to omit the objected-to phrases completely but does require certain modifications.

First, the sentence—"The Court has not yet decided whether the Defendants have done anything wrong or whether this case will proceed to trial."—will be moved to the end of the paragraph beginning with "This Notice is to inform you . . . ." and will be placed in all-caps and bolded so as to match the font of the header. *See, e.g.*, *Adams v. Inter-Con Sec. Sys., Inc.*, 242

F.R.D. 530, 540 (N.D. Cal. 2007) ("[N]otices typically contain a court caption and the bolded statement of neutrality below the caption should make the court's position clear to potential plaintiffs."). Second, the caption at the bottom of the notice shall be replaced by the caption, "***DISTRIBUTION OF THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT. IT IS NOT AN ADVERTISEMENT FROM A LAWYER.***" in all-caps and bolded.

### III.   *Identity of Counsel*

While there is no inherent discrepancy between listing one attorney as the point of contact in the notice and another as designated counsel in the consent form, the Court notes that Mr. Foty is not listed as named counsel in the docket of the instant case. Should Mr. Foty wish to appear before this Court, he must comply with the requirements of LR IA 11-2 and LR IC 2-1.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Conditional Certification and Approval of Notice and Consent Form (ECF No. 35) is GRANTED IN PART AND MODIFIED IN PART.

IT IS FURTHER ORDERED that the Court conditionally certifies this matter as a collective action under 29 U.S.C. § 216(b) with respect to all current and former exotic dancers who worked at the Spice House establishment operated by Defendants at any time from September 25, 2016 up to the present ("Class Members").

IT IS FURTHER ORDERED that Defendants shall provide Plaintiff's counsel the names of all potential Class Members, as well as all known addresses, phone numbers (home, mobile, etc.), dates of birth, email addresses (work and personal), driver's license numbers, social security numbers, and dates of employment for all potential Class Members ("Class List"). Defendants shall provide such information in a computer-readable format no later than ten days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's counsel shall mail a copy of the "Notice" and "Consent Form" attached to Plaintiff's Motion as Exhibit B and Exhibit C, respectively, and modified as described in this Order, via regular U.S. Mail and via electronic mail to all persons contained on the Class List no later than seven days from the date on which Plaintiff receives the list from Defendants. Plaintiff's counsel shall also include a self-addressed stamped envelope in the mailing. Plaintiff's counsel may hire a third-party class action administrative company to oversee the mailing of the Notice and Consent Forms.

IT IS FURTHER ORDERED that Defendants shall prominently post the Notice inside Defendants' dressing room no later than ten days from the date of this Order.

IT IS FURTHER ORDERED that Class Members shall also be given the option to execute their Consent Forms electronically. In the body of the email notice, Plaintiff's counsel shall provide a link to DocuSign for execution of the Consent Form. All consent forms shall be returned to Plaintiff's counsel who in turn will be responsible for filing them with the Court. In filing with the Court, Plaintiff's counsel shall ensure that all personal information, aside from the Class Member's name and the city and state in which that Class Member currently resides, shall be either redacted or omitted from the filings.

IT IS FURTHER ORDERED that the Class Members shall have sixty days from the date of the mailing of the Notice and Consent Form to file their signed Consent Form opting-in to this lawsuit as plaintiffs, unless good cause can be shown as to why the consent was not postmarked prior to the deadline.

IT IS FURTHER ORDERED that Plaintiff's counsel shall send a second copy of the Notice and Consent Form to those potential class members who have not yet joined the lawsuit in the same manner described above no later than thirty days before the deadline to opt-in.

///

IT IS FURTHER ORDERED that Defendants are hereby prohibited from communicating, directly or indirectly, with any potential class member about any matters which touch or concern the settlement of any outstanding wage claims or other matters related to this suit during the opt-in period. Defendants shall so instruct all of its club managers. This Order does not restrict Defendants from discussing with any potential class member matters that arise in the normal course of business.

IT IS FURTHER ORDERED that the parties shall file a joint status update with this Court certifying, in detail, that they have complied with this Order no later than thirty days from the date of this Order.

IT IS SO ORDERED.

Dated September 22, 2020.

_____
ROBERT C. JONES
United States District Judge