# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLARISSA HARRIS on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>DIAMOND DOLLS OF NEVADA, LLC dba the SPICE HOUSE, KAMY KESHMIRI, and JAMY KESHMIRI,<br><br>        Defendants. | 3:19-cv-00598-RCJ-CBC<br><br>**ORDER** |

All Parties have failed to comply with the Court's scheduling order. They were to file a joint pretrial order seven months ago but still have not. Further, Defendants are moving to decertify the collective and dismiss most of the Plaintiffs several months after the end of the opt-in period and the deadline in the Court's scheduling order. However, Defendants raise a persuasive argument that more than half of the Plaintiffs are subject to binding, valid, and enforceable arbitration agreements. While the arbitration agreements bear the names of 17 of the 26 active Plaintiffs, Defendants only attempt to authenticate them with their litigation counsel, who lacks personal knowledge.

Given the failure to comply with the scheduling order on both sides and the Court's desire to save its resources as well as those of the litigants, the Court defers ruling on Defendants' motion

and provides Defendants an opportunity to supplement their motion, if they can, by filing an affidavit authenticating the arbitration agreements that accords with Fed. R. Civ. P. 56(c)(4). Plaintiff shall then be able to contest whether Defendants have properly authenticated them.

**FACTUAL BACKGROUND**

Plaintiffs were exotic dancers, who worked at Defendant Diamond Dolls of Nevada, LLC d/b/a the Spice House (hereinafter "Diamond Dolls"). Diamond Dolls was run by its owners Defendants Kamy and Jamy Keshmiri, who are brothers. Defendants classified Plaintiffs has independent contractors. Based upon these classifications, they pooled Plaintiffs' tips and failed to pay them wages.

Lead Plaintiff Harris brought this case on September 25, 2019 alleging that the exotic dancers should properly be classified as employees under FLSA and so is suing for the lost wages and tips. (ECF No. 1.) She filed the case as a FLSA collective action. Defendants immediately moved for dismissal on two grounds: much of the putative class signed binding arbitration agreements and Plaintiff Harris's claims are untimely. (ECF No. 14.) The Court denied the motion. (ECF No. 31.) For the arbitration agreements, this Court found the motion to be premature since we did not actually know which members would come forward who had entered into arbitration agreements, following the vast majority of the class law in the Ninth Circuit. (*Id.*) As to the timeliness argument, the statute of limitations is three years if the violations were "willful" and two years if they were not. Plaintiff Harris's claims were greater than two years but less than three, and Defendants argued that their conduct could not be willful because they claimed the law was in flux. Defendants incorrectly pointed to tests for employment in other areas of the law, while the law for FLSA under the Ninth Circuit has been well-settled. So, the Court also rejected this argument.

Shortly after the Court's order on the motion to dismiss, on May 20, 2020, Plaintiff Harris moved to preliminarily certify the collective such that the putative class could be notified, and

other members could begin to opt-in to this case. (ECF No. 35.) Defendants again raised the issue that much of the putative class had signed arbitration agreements. (ECF No. 40.) The Court again informed Defendants that this objection was premature and that they should file a motion at the second stage of an FLSA collective action, and the Court granted Harris's motion on September 22, 2020. (ECF No. 67.) The Court ruled that the opt-in period would be 60 days from the mailing of the notices to the putative class. (*Id.*) The notices were mailed on October 7, 2020, so the opt-in period ended on December 6, 2020. (ECF No. 81.) During the opt-in period 26 Plaintiffs opted in but one retracted, leaving a total of 26 active Plaintiffs in this case.

Meanwhile, on June 10, 2020 Magistrate Judge Baldwin issued a scheduling order. (ECF No. 45.) According to that order, dispositive motions were due by October 2, 2020 and the pretrial order was due by November 2, 2020.

As the case proceeded, the parties had filed motions for summary judgment and a motion to dismiss. (ECF Nos. 49, 68, 92.) The Court ruled on these motions in one order on February 24, 2021. (ECF No. 104.) In these motions, Defendants again raised their argument based on the statute of limitations, which the Court rejected. The Court agreed with Plaintiff's motion for summary judgment, finding that Plaintiffs should have been considered employees under FLSA. (ECF No. 109.) Lastly, Defendants kept records of when the exotic dancers worked, which only showed that Plaintiff Harris worked a total of 13 days if the statute of limitations is three years, so Defendants moved to limit Plaintiff Harris's damages to those 13 days. (ECF No. 49.) The Court found a genuine issue of material fact on whether these records were accurate and complete based upon Plaintiff Harris's testimony. (ECF No. 109.)

On October 22, 2020, the parties jointly moved to modify Judge's Baldwin's scheduling order in one respect. (ECF No. 84.) The parties sought to push out the date to file the joint pretrial order because of the then-outstanding dispositive motions. Judge Baldwin denied this motion as

moot because under LR 26-1(b)(5), the parties would have 30 days from when the Court finished ruling on all dispositive motions. The parties never sought to extend this date again, and since the Court finished ruling upon all outstanding dipositive motion on February 24, 2021, the joint pre-trial order was due on March 26, 2021—to date the parties have not filed such an order.

Nothing was filed by the parties for more than two months after the Court ruled on all outstanding dispositive motions. Then, on May 4, 2021, Defendants filed a motion to decertify the collective and to dismiss those Plaintiffs who have signed arbitration agreements as well as those Plaintiffs who have not worked in the three-years limitations period according to Defendants' records. (ECF No. 110.) Seventeen arbitration agreements bearing signatures matching the names of seventeen opt-in Plaintiffs were attached to Defendants' motion, but no one with personal knowledge of the agreements has provided authentication for them—rather, only Defendants' litigation counsel, Mr. Mark Thierman, has filed an affidavit attempting to authenticate the agreements.

## LEGAL STANDARD

FLSA certification occurs in two stages: "First, at or around the pleading stage, plaintiffs will typically move for preliminary certification." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) "'Preliminary certification' of an FLSA collective action—also known as 'provisional' or 'conditional' certification—[has] . . . '[t]he sole consequence' of . . . 'sending . . . court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). Second, "at or after the close of relevant discovery[,] . . . [t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point." *Id.* at 1109.

///

"If the motion for decertification is granted, the result is a negative adjudication of the party plaintiffs' right to proceed in a collective as that collective was defined in the complaint. The opt-in plaintiffs are dismissed without prejudice to the merits of their individual claims, and the original plaintiff is left to proceed alone." *Id.* at 1110 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). "If the motion for decertification is denied, the collective proceeds toward trial, at least on the questions justifying collective treatment." *Id.* (citing *Hipp*, 252 F.3d 1218).

## ANALYSIS

### I.  Statute of Limitations

The Court rejects Defendants' statute of limitations argument. They argue that six Plaintiffs[1] did not work at Defendant Spice House within the last three years and therefore must be dismissed for not having claims within the maximum possible statute of limitations. Plaintiffs again challenge the sufficiency of their evidence, and the Court again finds, as it did in ruling on the summary judgment motion, that there are genuine issues of material fact over whether Defendants' records are complete and accurate.[2]

### II.  Arbitration

Plaintiffs raise three arguments for rejecting Defendants' motion to compel arbitration. First, they argue Defendants have waived their right to arbitration based on their litigation in this

---

[1] There was a seventh opt-in Plaintiff that Defendants allege did work within the past three years but she voluntarily dismissed herself from this action.

[2] Plaintiffs also raise a valid authenticity argument on much of the evidence that Defendants rely on for this argument. Defendants rely heavily upon a declaration by David Hoffman. Mr. Hoffman merely swore the information is "true and correct to the best of my knowledge and belief." (ECF No. 110 Ex. A.) Fed. R. Civ. P. 56(c)(4) states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Mr. Hoffman's affirmation is insufficient. *See, e.g.*, *Cook v. J & J Snack Foods Corp.*, 2010 WL 3910478, * 5 (E.D. Cal. 2010) (holding an affidavit stating "contents are to the best of her knowledge and belief . . . true and correct" was not adequate).

case. This argument is not compelling. "Waiver of a contractual right to arbitration is not favored," and, therefore, "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas* Inc.,791 F.2d 691, 694 (9th Cir.1986) (quotation marks omitted). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Richards v. Ernst & Young*, LLP, 744 F.3d 1072, 1074 (9th Cir. 2013).

Defendants have not acted inconsistently with this right, at least not to the degree required for waiver. The only fact that lends itself towards finding that Defendants acted inconsistently with the right is that they waited five months from the close of the opt-in period to move to dismiss. But they have not actively litigated against the opt-in Plaintiffs—their dispositive motions and discovery have only been directed towards the lead plaintiff, Plaintiff Harris. And Defendants have consistently attempted to raise their right to arbitrate with the collective members that have arbitration agreements, twice raising it before. The Court thus rejects Plaintiffs' waiver argument.

Second, Plaintiffs argue that Defendants motion is untimely. This is correct. Seeking to dismiss the opt-in Plaintiffs who signed arbitration agreements and who do not have timely claims qualifies as a dispositive motion, and Defendants filed it seven months after the dispositive motion deadline according to the Court's scheduling order. It is true that this Court instructed Defendants that they should raise this issue after the close of the opt-in period, which ended two months after the dispositive motion deadline. Nonetheless, Defendants should have moved to amend that order so they could raise the arbitration agreements in accordance with the scheduling order.

Third, the arbitration agreements do bear the names and signatures of 17 opt-in Plaintiffs but Defendants have only provided authentication of these documents through their litigation counsel, Mr. Thierman. Plaintiffs correctly contend this is not sufficient authentication. As Mr.

Thierman did not have any involvement with the agreements before the litigation, he does not have sufficient personal knowledge to authenticate these agreements. *Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1162 (D. Or. 2011) ("Under most circumstances, an attorney has no personal knowledge of and is not competent to testify to the authenticity of documents generated before the litigation began or merely produced by his client. In other words, an attorney cannot acquire personal knowledge based on hearsay from his client."). These agreements therefore are not properly authenticated and cannot be considered until they are. Nonetheless, the context of this litigation suggests that Defendants may be able to produce an affidavit from an agent that could properly authenticate these agreements.

Lastly, Defendants point to an opinion from Judge Hicks where he found the same arbitration agreement was valid and enforceable, *Becker v. Keshmiri*, No. 3:19-cv-00602-LRH-WGC (D. Nev. May 26, 2020). Plaintiffs properly argue *Becker* is not binding in terms of collateral estoppel, but they fail to convince the Court that the case is not persuasive. The Court therefore agrees with *Becker* and find the terms of the agreements are enforceable—i.e., they are conscionable.

In sum, the Court finds that the dispositive motion is subject to two procedural pitfalls but otherwise meritorious on the issue of arbitration. First, the motion is untimely but as Plaintiffs have also failed to comply with the Court's scheduling order, the Court determines the best way to proceed is to overlook this technical violation in this instance. Second, the agreements are not properly authenticated but Defendants may be able to easily fix this deficiency by an affidavit from someone with personal knowledge. The Court therefore presently defers ruling upon the motion and orders that, if they can, Defendants shall file an affidavit in accordance with Fed. R. Civ. P. 56(c)(4) within fourteen days of this Order. Plaintiff shall have seven days from when Defendants file the supplemental affidavit to challenge its sufficiency, and Defendants shall have seven days

to reply. Finally, the Court notes that the parties *must* submit a joint pretrial order thirty days from the date of its order finally ruling upon Defendants' motion to decertify the collective.

## CONCLUSION

IT IS HEREBY ORDERED that a ruling upon Defendants' Motion to Decertify (ECF No. 110) is DEFERRED.

IT IS FURTHER ORDERED that Defendants shall file a supplemental affidavit within fourteen days from the entry of this Order to authenticate the arbitration agreements.

IT IS FURTHER ORDERED that Plaintiffs may file a five-page response brief challenging the sufficiency of the supplemental affidavit within seven days from the submission of the supplemental affidavit.

IT IS FURTHER ORDERED that Defendants may file a five-page reply brief in support of the sufficiency of the supplemental affidavit within seven days from the submission of Plaintiffs' response brief.

IT IS FURTHER ORDERED that the Parties shall file the joint pretrial order within thirty days of the entry of the Court's order ruling upon Defendants' Motion to Decertify (ECF No. 110).

IT IS SO ORDERED.

Dated November 24, 2021.

_____
ROBERT C. JONES
United States District Judge