UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLARISSA HARRIS on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND DOLLS OF NEVADA, LLC dba the SPICE HOUSE, KAMY KESHMIRI, and JAMY KESHMIRI,<br><br>Defendants. | 3:19-cv-00598-RCJ-CBC<br><br>**ORDER** |

Four years into litigation, the Parties now seek to bring this case back to square one. On August 1, 2023, Plaintiffs' counsel filed an unopposed Motion to Withdraw as Attorney, (Dkt. 174), seeking to substitute and remove from the case entirely the original named plaintiff, Clarissa Harris. They then proceeded to file a First Amended Complaint adding both facts and a new named plaintiff in the caption, (Dkt. 175). Defendants raised no objection to the Motion, (Dkt. 177), and gave their written consent to Plaintiffs' First Amended Complaint, (Dkt. 176). But it turns out that the Motion was, in fact, opposed by Harris herself, (Dkt. 179). For the following reasons, the Motion is denied in part and granted in part.

Also pending before the Court are Defendants' Motion to Reopen Discovery,[1] (Dkt. 135), and Motion to Compel Arbitration, (Dkt. 176). Because Plaintiffs have until September 18, 2023

---

[1] The Court previously issued an Order partially disposing of this Motion, in which it denied Defendants' request for reconsideration of three interlocutory orders. (Dkt. 147). The Court's previous

to respond to Defendants' Motion to Compel Arbitration, (Dkt. 188), the Court need not address that issue in this Order. For the following reasons, the Court now denies Defendants' request to reopen discovery at this late hour in the case.

I. **Background**

Filed in September of 2019, this a collective action[2] case alleging violations of the Fair Labor Standards Act ("FLSA"). (Dkt. 2). Harris, the original named plaintiff, filed an unpaid wage claim against her former employer, Defendant Diamond Dolls of Nevada, LLC ("Diamond Dolls"), on behalf of herself and all others similarly situated. (*Id.* at 2); (Dkt. 174 at 2). Paula Bales, a similarly situated individual, "submitted her written Notice of Consent to pursue a claim against Defendants on November 17, 2020," (Dkt. 174 at 2); (*see also* Dkt. 97), and "has been involved in this case since that date." (Dkt. 174 at 2).

---

ruling did not directly address Defendants' request to reopen discovery, although the issue was arguably moot considering that the request had been made "so that the parties may address the facts relevant to [the] new standards" that the Court declined to review in denying reconsideration. (Dkt. 135 at 3). Regardless, the Court will now consider any outstanding request to reopen discovery.

[2] The Court notes that this is a collective action—not class action—governed primarily by 29 U.S.C. § 216(b) and not Federal Rule of Civil Procedure 23. *See Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) ("Collective actions and class actions are creatures of distinct texts—collective actions of section 216(b), and class actions of Rule 23—that impose distinct requirements."). While "Section 216(b) of the FLSA and Rule 23(b)(3) are animated by similar concerns about the efficient resolution of common claims," it is important to remember that "the procedural rules governing these two types of actions are distinct." *Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016).

"Probably the most significant difference in procedure between the" two is the requirement that plaintiffs in an FLSA collective action "desiring to be included in the litigation must 'opt in' to the suit by filing a written consent with the court." § 1807 Collective Actions Under the Fair Labor Standards Act, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.); *see also Campbell*, 903 F.3d at 1101; *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006). "This difference means that every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not." § 1807 Collective Actions Under the Fair Labor Standards Act, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.); *see Campbell*, 903 F.3d at 1104–05.

Essentially, "[a] collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree." *Campbell*, 903 F.3d at 1105 (emphasis removed). For that reason, "broad reliance on . . . class action case law remains unwise in the collective action context[.]" *Id.* at 1115.

Now, Harris's attorneys allege that, at some unknown date, Harris "revoked her counsel's power of attorney, which then made it impossible to represent [her]." (Dkt. 174 at 2). In addition to that, they say that she "and her counsel also had a fundamental disagreement with respect to how to proceed in this matter." (*Id.*). Harris denies that she ever freely[3] sought to end her relationship with counsel—arguing in the motions hearing that she "did not fire" her attorneys,[4] (Dkt. 193 at 8), when she "cancelled the power of attorney." (Dkt. 179 at 1). She maintains that she has "worked diligently" in her role as named plaintiff, (*id.* at 2), despite any differences she may have had with counsel. (*See* Dkt. 193 at 9). At some point in this litigation, according to Harris, she allegedly "opposed [a] proposed settlement [offer]" because she believed that it benefitted only the attorneys and not "the class members." (*Id.*). Accordingly, Harris believes that the Motion's request to withdraw representation of her and substitute Paula Bales as named plaintiff, (Dkt. 174 at 1–2), is an effort "to punish [her] for speaking out against [her] lawyers in [her] role" as named plaintiff. (Dkt. 179 at 2).

## II. Legal Standard

### A. Amended Pleadings

Per the Federal Rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A plaintiff who files an amended complaint with written consent from the defendant, but without leave from the court, "satisfies

---

[3] During the motions hearing, the Parties referenced a "loan" that counsel alleges "was affecting [Harris's] decision making and affecting how she was approaching the case[.]" (Dkt. 193 at 7). Harris claims that counsel told her "that if [she] didn't sign the power of attorney over, then they wouldn't sign off on [her] loan." (*Id.* at 8). Ultimately, the Court need not speculate on the nature of this loan because counsel does not offer it as a basis for ending the attorney-client relationship. (*See* Dkt. 174 at 2); (Dkt. 182); *infra* n.5. The loan is only relevant in as far as it could explain why Harris allegedly "revoked her counsel's power of attorney[.]" (*Id.*).

[4] As was explained to Harris at the motions hearing, (*see* Dkt. 193 at 9), "no attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." *Miller v. Target Corp.*, 2021 WL 1170080, at *1 (D. Nev. Mar. 26, 2021) (cleaned up) (quoting LR IA 11-6(b)); *see also Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941).


Rule 15(a)(2)." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015); *see also Deimerly v. Clarke*, 2007 WL 2739807, at *1 (W.D. Wash. Sep. 18, 2007) (striking plaintiff's amended complaint for failure to either "seek leave to file an amended complaint" or "submit[] written consent of [d]efendants"); *Corona v. PNC Fin. Servs. Grp., Inc.*, 2020 WL 7872203, at *1 (C.D. Cal. Nov. 18, 2020).

A plaintiff's effort to amend their complaint is subject to the scheduling order and deadlines in the case. *See Cano v. Schriro*, 236 F.R.D. 437 (D. Ariz. 2006), *aff'd*, 269 F. App'x 755 (9th Cir. 2008) ("If the party seeking to amend were unable to comply with the deadline despite that party's diligence, the Court may modify the schedule."); LR 26-1(b)(2).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities[.]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotation marks omitted).

"Normally, attempts to amend complaints before the Federal Rule of Civil Procedure 16 scheduling order's deadline are addressed under Rule 15, but where an amendment would require an extension of the scheduling order deadlines, Rule 16's good-cause standard is considered first." *AZ Holding, L.L.C. v. Frederick*, 2009 WL 3063314, at *3 (D. Ariz. Sept. 22, 2009) (citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)).  Rule 16's good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (noting that good cause "means scheduling deadlines cannot be met despite party's diligence" (citation omitted)).  Because "the focus of the inquiry is upon the moving party's reasons for seeking modification," a finding that the untimeliness of the amendment is due to "carelessness . . . offers no reason for a grant of relief." *Id.*

In the event that "the party seeking to amend [is] unable to comply with the deadline despite that party's diligence, the Court may modify the schedule," *AZ Holding*, 2009 WL 3063314, at *3, or the court may "enforce it." *Davis v. Pinterest, Inc.*, 2023 WL 5695992, at *1 (9th Cir. Sept. 5, 2023). Because "the district court has broad discretion in supervision of the pretrial phase of litigation," modifications to a case's scheduling order are permitted "only for good cause and with the judge's consent." *Gray v. Clark*, 2022 WL 5187553, at *2 (E.D. Cal. Oct. 5, 2022), *report and recommendation adopted*, 2022 WL 16722110 (E.D. Cal. Nov. 4, 2022) (quoting Fed. R. Civ. P. 16(b)(4)); *see also* LR 26-3.

When a party, who seeks no relief from deadlines imposed by the court, violates a scheduling order, the district court does not abuse its discretion by enforcing those deadlines. *Davis*, 2023 WL 5695992, at *1. Under this Court's Local Rules, a motion to extend deadlines in a scheduling order "made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. Parties are expected to comply with a court's Local Rules, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), and when amended complaints fail to do so, "the Court may dismiss [the] action without further notice." *Chagolla v. Vullo*, 2018 WL 10602297, at *3 (D. Ariz. Mar. 30, 2018); *see also Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.").

**B. Motion to Withdraw as Attorney**

"[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see also* LR IA 11-6(b) ("If an attorney seeks to withdraw after appearing in a case,

the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.").

When an attorney seeks leave from the court to withdraw from a case "in the absence of the client's consent," the attorney must show that "justifiable cause" exists to do so. *Id.*; *see also McGhee v. Chavez*, 2023 WL 2708765, at *1 (D. Ariz. Mar. 30, 2023). "[N]ot a terribly demanding standard," *id.*, the court considers four factors when ruling on a motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

Withdraw has been denied "where the court finds that withdrawal would work an injustice or cause undue delay." *Echostar Satellite, L.L.C. v. Viewtech, Inc.*, 2010 WL 11509159, at *2 (S.D. Cal. Apr. 16, 2010) (internal citation and quotation marks omitted); *see also* LR IA 11-6(e) ("Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing.").

**C. Motion to Reopen Discovery**

The time period for discovery in a case is governed by the court's scheduling order. Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."). A party seeking to reopen discovery "must show good cause to modify a scheduling order." *Hamidi v. Serv. Emps. Int'l Union Loc. 1000*, 386 F. Supp. 3d 1289, 1298 (E.D. Cal. 2019), *aff'd*, No. 19-17442, 2021 WL 4958855 (9th Cir.

Oct. 26, 2021). When reviewing such requests, courts consider: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Taylor v. Kuerston*, 598 F. Supp. 3d 874, 877 (E.D. Cal. 2022) (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).

As discussed above, per Nevada's Local Rules, a motion to extend deadlines in a scheduling order "made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. In addition, the Local Rules contain specific requirements for "[a] motion or stipulation to extend a discovery deadline or to reopen discovery[.]" *Id.* According to the Local Rules, such motions must include "(a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery." *Id.*

**III. Discussion**

In their most recent Motion, Plaintiffs' counsel ask the Court to approve their request to withdraw as Harris's attorneys, severing her from the case entirely, and to then substitute Bales as the named plaintiff in this case. (Dkt. 174). While the Court will allow Plaintiffs to add Bales as a second named plaintiff, the Court does not find it appropriate to grant the request for withdrawal. Accordingly, the Court will allow Plaintiffs to file an amended complaint—but only to add Bales as a named plaintiff in the new complaint's caption.

Defendants in their two Motions ask the Court to reopen discovery, (Dkt. 135), and compel arbitration, (Dkt. 183). The Court declines to reopen discovery at this juncture and will defer ruling on the issue of arbitration, as the Motion is not yet ripe. (*See* Dkt. 188).

### A. Plaintiffs' Motion

#### i. Request to Withdraw as Harris's Attorney

Plaintiffs' counsel argue that "good cause existed to end the attorney-client relationship under Nevada's Professional Conduct Rule 1.16 and under Texas Professional Conduct Rule 1.15" because Harris "revoked her counsel's power of attorney, which then made it impossible to represent [her]," and because "Harris and her counsel also had a fundamental disagreement with respect to how to proceed in this matter."[5] (Dkt. 174 at 2). Harris opposes this request, arguing that she did not intend to "fire" her attorneys. (Dkt. 193 at 8). Finding that counsel is required to show justifiable cause for withdrawal and has failed to do so, the Court denies counsel's request to withdraw as Harris's attorney.

The Court's analysis will focus on the first factor used in the Ninth Circuit—the reasons why withdrawal is sought. *Leatt Corp.*, 2010 WL 444708, at *1. The first reason counsel offer is that it became impossible for counsel to represent Harris because she revoked counsel's power of attorney. (Dkt. 135 at 2). While Harris concedes that she made such a revocation, (Dkt. 179 at 1), she indicated at the recent hearing that she did not make that choice freely. (Dkt. 193 at 8). Regardless of any revocation on Harris's part, she claims she "did not want to no longer work with [counsel][.]" (*Id.*). Considering Harris's indication that she would still like to work with counsel

---

[5] While counsel offer more reasons why withdrawal is merited in their reply brief, (*see* Dkt. 182 at 3–5), these reasons were not raised "in their moving papers and therefore should not be considered now[.]" *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001), *aff'd*, 36 F. App'x 612 (9th Cir. 2002); *see also United States v. Venture One Mortg. Corp.*, 2015 WL 12532139 (S.D. Cal. Feb. 26, 2015) ("If the Court is to consider the new evidence and arguments in Defendant's reply brief, it must give Plaintiff an opportunity to respond.").

and intends to "mov[e] forward communicating with" counsel, this is not a compelling reason to allow counsel to withdraw against the client's wishes.

The second reason for withdrawal, according to counsel, is because they and Harris faced "a fundamental disagreement with respect to how to proceed in this matter." (Dkt. 174 at 2). The Motion does not explain what that disagreement was, and, thus, it is not sufficient grounds to grant withdrawal. *See PlayUp, Inc. v. Mintas*, 2023 WL 4039717, at *2 (D. Nev. May 8, 2023) (finding the circumstances of the request to withdraw "troubling" and ordering counsel to show cause in writing because the claim of "irreconcilable differences" lacked any "details" in the motion); *McGhee*, 2023 WL 2708765, at *2 (refusing to grant a motion to withdraw when counsel claimed that "a conflict" existed but did not "specify what the 'conflict'" was). As counsel has failed to show justifiable cause to withdraw without Harris's consent, the Court declines to grant counsel's request because doing so could result in injustice to Harris and further unnecessary delays in this already extensive litigation.

  ii.  **Amended Complaint with Additional Named Plaintiff[6]**

Because Defendants provided their written consent to Plaintiffs' First Amended Complaint, (Dkt. 176), Plaintiffs did not need to request permission from the Court before filing. *Ramirez*, 806 F.3d at 2007. Even so, such circumstances do not render Plaintiffs immune from the deadlines imposed by the scheduling order in this case, which states that the "deadline for amending the pleadings and adding parties" was July 6, 2020. (Dkt. 45 at 9). Plaintiffs are expected to diligently abide by the deadlines in a case or to demonstrate good cause for extension under Rule 16. *AZ Holding*, 2009 WL 3063314, at *3 (noting that courts can modify scheduling orders when failure to comply with a deadline occurs despite the party's diligence); *Gonzales v.*

---

[6] Because this is a collective action case, which requires plaintiffs to affirmatively opt-in to the litigation, Plaintiffs need not move to add or substitute Bales as a party under Federal Rules of Civil Procedure 21 or 25. *See supra* n.2.

*Lake Havasu City*, 836 F. App'x 554, 556 (9th Cir. 2020) ("Because Gonzales sought leave to amend the complaint well after the deadline in the court's scheduling order, he was required to satisfy Rule 16's good cause standard.").

Plaintiffs offer no explanation as to why they should be allowed to file a new complaint—four years into this case—when the deadline to do so expired over three years ago. Because Plaintiffs have failed to show good cause for extending the deadline to amend their pleadings to add a named plaintiff, the Court will strike Plaintiffs' First Amended Complaint, (Dkt. 175). *See Gonzales*, 836 F. App'x at 556 ("Gonzales made no effort to [satisfy Rule 16's good cause standard]. The district court thus did not abuse its discretion in denying Gonzales's motion to amend."); *see also* Gray, 2022 WL 5187553, at *2 ("Indeed, motions filed after the deadlines set in the scheduling order are untimely and may be denied solely on this ground."); *Davis*, 2023 WL 5695992, at *1 (affirming the district court's refusal to consider new allegations where plaintiff "violated, and did not seek relief from, the scheduling order"). The Court will allow Plaintiffs to refile an amended complaint, but only to add Bales as a named plaintiff in the caption of the pleading.

**B. Defendants' Motions**

    **iii.    Motion to Reopen Discovery**

Defendants ask the Court to "reopen discovery to take the depositions of those plaintiffs who opted into this case after discovery had closed and witnesses who can provide testimony relevant to those new opt-in plaintiffs." (Dkt. 135 at 20). In that same Motion, Defendants were requesting that the Court reconsider its previous Orders "on the grounds of an intervening change in controlling law, which necessitates a changed in the presentation of the factual circumstances[.]" (*Id.* at 1). While the Court has denied Defendants' Motion as to reconsideration, (Dkt. 147), the

issue of whether to reopen discovery has not been squarely addressed, (*see* Dkt. 193 at 13, 15), so the Court will address it here.

Defendants argue for reopening of discovery on two grounds.  First, they assert that a "change in controlling law necessitates renewed discovery on the independent contractor status of the opt-ins[.]" (Dkt. 135 at 4).  This request was directly addressed—and rejected—in the Court's Order denying reconsideration. (Dkt. 147 at 1).  Second, Defendants argue that discovery should be reopened because "the theory of the case has changed, the general manager of the Spice House has died, and all the party plaintiffs (except Harris) opted into this case after discovery was closed." (Dkt. 135 at 4).  The Court now rejects this argument because Defendants have failed to show good cause to modify the scheduling order in this case.

The Court will not reopen discovery, and for two reasons.  First, the deadline for discovery in this case was September 2, 2020, (Dkt. 45 at 9), and Defendants' Motion was filed on May 23, 2022—almost two years since the deadline passed.  The events that Defendants argue warrant reopening occurred long before they filed their Motion.  For example, the general manager's death occurred on December 7, 2020, (Dkt. 135 at 3 n.3), and all of the opt-ins gave notice of their consent to join Harris's wage claim in the late months of 2020, (*see* Dkts. 77, 80, 89, 90, 94, 96, 102, 103, 106).  Still, Defendants chose not to raise this issue until over a year later in their present Motion.  Defendants offer no explanation for this delay—other than the reasons the Court has already rejected in denying Defendants' request for reconsideration—thus, they fail to show good cause to modify the scheduling order and reopen discovery.

Second, Defendants' Motion does not comply with the Court's Local Rules, which require that parties include specific elements and information in a motion requesting to reopen discovery.  LR 26-3.  Thus, the Court denies Defendants' Motion to Reopen Discovery, (Dkt. 135). *See Thompson*, 782 F.2d at 831 (holding that the Ninth Circuit has "repeatedly upheld" the district

court's ability to impose sanctions for failure to comply with local rules because "[d]istrict courts have inherent power to control their docket"); *see also Holmes v. Nielson*, 2019 WL 357770, at *3 (D. Ariz. Jan. 29, 2019) (denying motion without prejudice "for failure to comply with the Local Rules"); *Chagolla*, 2018 WL 10602297, at *3.

      iv.    **Motion to Compel Arbitration**

As the Plaintiffs have until September 18 to respond to Defendants' Motion, (Dkt. 188), the Motion is not yet ripe for review. The Court will take under advisement any discussion regarding the Motion that occurred at the recent hearing, (*see* Dkt. 193), and making a ruling at a future date.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Withdraw as Attorney, (Dkt. 174), is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** in that Paula Bales may be added as a named plaintiff. The Motion is **DENIED WITH PREJUDICE** as to counsel's request to withdraw as attorneys for Clarissa Harris.

IT IS FURTHER ORDERED that the Court **STRIKES** Plaintiffs' First Amended Complaint, (Dkt. 175). The Court will **MODIFY** the scheduling order to allow Plaintiffs to refile an amended complaint adding Paula Bales as an additional named plaintiff in the caption. Plaintiffs may not amend the pleading to include any additional facts. Plaintiffs are **ORDERED** to file an amended complaint in accordance with this Order within thirty days.

IT IS FURTHER ORDERED that Defendants' Motion to Reopen Discovery, (Dkt, 135), is **DENIED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiffs are **ORDERED** to file a responsive brief to Defendants' Motion to Compel Arbitration, (Dkt. 183), in accordance with this Court's previous ruling, (Dkt. 188).

IT IS SO ORDERED.

Dated September 18, 2023.

_____
ROBERT C. JONES
United States District Judge