UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CLARISSA HARRIS, *et al.*, | Case No. 3:19-cv-00598-MMD-CLB |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| DIAMOND DOLLS OF NEVADA, LLC, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Bifurcate Statute of Limitations. (ECF No. 241 ("Motion").) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") collective action case that has been ongoing for nearly five years. (ECF No. 1.) In December 2023, the Court granted Defendants' motion to compel arbitration and dismissed a number of Plaintiffs from this case. (ECF No. 202.) The docket currently reflects that there are ten remaining Plaintiffs in this case,[1] six of whom are opt-in Plaintiffs—Deanna Serkretarski, Jacqueline Maureen Piazza, Rebecca Piazza, Kara Sterritt, Tajsma Tibbs, and Shalana Anderson.[2]

---

[1]Due to one error and a few new developments, there may be fewer than ten Plaintiffs currently involved in this litigation. First, the docket lists Vaisman Melanie as a Plaintiff, but the Court's previous Order granting Defendants' motion to compel arbitration dismisses a plaintiff by the name of Melanie Vaisman. The Court will direct the Clerk to resolve this oversight. Second, in another pending motion, Defendants allege that Plaintiffs Diana Santos and Danielle Pritchett have accepted a settlement offer as of June 24, 2024. (ECF No. 248 at 7 n.4.)

[2]Defendants' Motion lists Mary Gilbert among the opt-in Plaintiffs and omits Shalana Anderson (ECF No. 241 at 2), but Mary Gilbert withdrew from this litigation in June 2022 (ECF No. 137), and in another pending motion, Defendants state that Shalana Anderson was "inadvertently omitted" from the list of opt-in Plaintiffs listed in this Motion (ECF No. 248 at 7 n.5).

Defendants assert that none of the remaining opt-in Plaintiffs "work[ed] for Defendants at the Spice House during the statutory period covered by this lawsuit." (ECF No. 241 at 2.) Arguing that there is "substantial evidence to support a statute of limitations affirmative defense," Defendants ask the Court to "bifurcate the affirmative defense of the statute of limitations to be tried before any of the claims of these individuals, and also before the claims of the [] remaining Plaintiffs who Defendants admit worked within the 3-year statute of limitations." (*Id.*)

Defendants have previously asked the Court to dismiss "all of the Opt-In Plaintiffs who did not work within the relevant statute of limitations," (ECF No. 110 at 16), but the Court rejected the request (ECF No. 120 at 5). Explaining that "there are genuine issues of material fact over whether Defendants' records are complete and accurate," the Court concluded that Defendants failed to provide undisputed evidence showing that the contested opt-in Plaintiffs "did not work at Defendant Spice House within the last three years." (*Id.*)

In the same Order, the Court also rejected Defendants' motion to compel arbitration for similar evidentiary reasons, finding that Defendants failed to properly authenticate the alleged arbitration agreements. (*Id.* at 6-7.) While this issue was later cured when Defendants provided additional affidavits authenticating the arbitration agreements (ECF Nos. 183, 202), the factual dispute over Defendants' records of when the opt-in Plaintiffs worked at Spice House has not been resolved (ECF No. 243 at 4). So there remains a triable issue of fact as to whether the six remaining opt-in Plaintiffs worked at Spice House within the statute of limitations. (ECF No. 243 at 7 (explaining that "[P]laintiffs do, in fact, intend to testify and present evidence that they worked at Spice House during the statute of limitations period.").)

In the present Motion, Defendants ask the Court to bifurcate pursuant to Rule 42(b) "to first decide the issue of whether or not these six opt in plaintiffs worked at the Spice House within three years of the filing of their consent to sue." (ECF No. 241 at 5.) For the following reasons, the Court finds that bifurcation is not appropriate in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) states that "the court *may* order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for the purpose of "convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b) (emphasis added). This rule "merely allows, but does not require, a trial court to bifurcate cases." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (emphasis in original); *see also Suenos LLC v. Goldman*, 633 F. App'x 874, 878 (9th Cir. 2015).

The "broad discretion" conferred "upon the district court to bifurcate a trial" is reviewed for abuse of discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). But "[a]bsent some experience demonstrating the worth of bifurcation, 'separation of issues for trial is not to be routinely ordered.'" *Hamm v. Am. Home Prod. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (quoting Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b)); *see also Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1095 (N.D. Cal. 2002), *aff'd in part, rev'd in part sub nom.* Hangarter, 373 F.3d 998 (explaining that "court[s] should cautiously apply the rule" because "piecemeal trial of separate issues in a single suit is not to be the usual course" and "should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule" (quoting 9 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 2388 (1995))).

The party seeking bifurcation bears the burden of "proving that bifurcation is justified given the facts in [the] case." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009); *Karpenski v. Am. Gen. Life Cos.*, LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012). "Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery

on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted." *Clark*, 772 F. Supp. 2d at 1269 (citation omitted); *see also Aoki v. Gilbert*, No. 2:11-CV-02797-TLN-CKD, 2015 WL 5734626, at *4 (E.D. Cal. Sept. 29, 2015).

### III.    DISCUSSION

Defendants' Motion argues that "bifurcating the case in this manner will save a substantial amount of time, expense, and judicial resources."[3] (ECF No. 241 at 2.) They explain that bifurcation is appropriate because "the issue of the three-year statute of limitations under the FLSA for these six people is easily separated from the other issues in this case," "a trial on the 3-year statute of limitations will be relatively brief, especially if the six Plaintiffs do not testify that they worked during the relevant period," and bifurcation will not prejudice the Plaintiffs. (*Id.* at 4-5.) Plaintiffs counter that "Defendants have not met their burden" because they "merely state, in conclusory fashion, that the statute of limitations issue is 'clearly separable from the other issues in this case' with no analysis or authority to support that argument" and "the judicial economy factor also weighs against bifurcation in this case." (ECF No. 243 at 5-6.) The Court agrees with Plaintiffs.

First, the issue of the three-year statute of limitations in this case is not "clearly separable" from the remaining issues in the case. *See Aoki*, 2015 WL 5734626, at *4. Defendants are willing to "assert[] the 3-year statute of limitations for the purpose of bifurcation" while "reserv[ing] the right to assert as an affirmative defense" because "the issue of willfulness will require substantial evidence" when litigating the remaining issues

---

[3]Defendants' reply brief also raises the argument that bifurcation "will reduce the chance of prejudice and confusion" because "failure to bifurcate will likely cause the jury to be confused, whereas bifurcation will greatly simplify the trial process." (ECF No. 245 at 9.) This argument is not raised in the pending Motion, so the Court will not consider it "as it is improper for a party to raise a new argument in a reply brief." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001), *aff'd*, 36 F. App'x 612 (9th Cir. 2002); *Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1063 (E.D. Wash. 2013), *order clarified*, No. CV-11-3088-RMP, 2013 WL 12167930 (E.D. Wash. June 24, 2013).

in the trial. (ECF No. 241 at 4 & n1.) But this concession does not make the statute of limitations clearly separable from the remainder of the case because "a significant amount of duplicate evidence" will need to be "presented at the second phase of trial." (ECF No. 243 at 6.) According to their brief, "Plaintiffs intend to call Defendants' witnesses in their case-in-chief and would do so at both trials . . . regardless of whether Defendants prevailed on their affirmative defense of the statute of limitations in the first trial or not." (*Id.*)

Courts have similarly denied motions to bifurcate when "many of the key witnesses would have to be called in both portions of the trial, and testimony would have to be repeated." *Wallace v. Countrywide Home Loans, Inc.*, 2010 WL 11507521, at *4 (C.D. Cal. Aug. 12, 2010). Courts have granted motions to bifurcate when "overlap of testimony and evidence between the two trials . . . will not be significant," but such is not the case here where the overlap would be substantial. *Heinrich v. Ethicon, Inc.*, No. 2:20-cv-00166-APG-VCF, 2021 WL 2801961, at *1 (D. Nev. Apr. 15, 2021). Indeed, in this case any factual dispute as to when Plaintiffs worked at Spice House "would entail evidence also relevant to Plaintiff's claim on the merits," making bifurcation unwise. *Washington v. Yaplee*, No. 1:20-cv-01356-EPG (PC), 2023 WL 3582511, at *2 (E.D. Cal. May 22, 2023); *see also Suenos*, 633 Fed. App'x at 878.

Second, as to judicial economy, Defendants argue that "bifurcation of the statute of limitations portion of the case will likely result in a substantial savings of time, expense and judicial resources," (ECF No. 241 at 4), estimating that "the inclusion of the [six] self-selected Plaintiffs in a trial on the merits will triple the time it takes to try this case" (ECF No. 245 at 7). Defendants assert that even "[i]f there is a genuine issue of fact when these Plaintiffs worked, it would be cleaner and easier for a jury to consider first whether or not they worked during the three years immediately preceding the filing of their consent to sue." (ECF No. 245 at 3.)

Defendants rely on *Heinrich v. Ethicon, Inc.*, in which the court granted bifurcation because "[t]he statute of limitations defense could be dispositive, and a trial on that issue

will be far shorter than a trial on the merits." 2021 WL 2801961, at *1. But bifurcation will not completely avoid the question of willfulness in this case—it will only avoid that question as to the six opt-in Plaintiffs. And not only is it "undisputed that if Defendants do not prevail on their statute of limitations defense, the parties would need to have a second trial on the merits issue," but there is also no reason to think that the second trial would be any easier if the statute of limitations issue is resolved in a separate, evidentiarily redundant proceeding. *Parks v. Ethicon, Inc.*, No.: 20-cv-989-LL-RBB, 2022 WL 3084474, at *2 (S.D. Cal. Aug. 3, 2022).

As a consequence, "it would be most efficient to try all issues together at one time to one jury," despite Defendants' assertion that "the statute of limitations defense is a discrete threshold issue." *Washington*, 2023 WL 3582511, at *2. For these reasons, and the prejudicial risk that redundant litigation poses to the Plaintiffs, the Court finds bifurcation to be inappropriate in this case and denies Defendants' Motion. *See Richmond v. Weiner*, 353 F.2d 41, 45 (9th Cir. 1965) ("Whether there should be severance and separate trial of an issue is primarily a question concerning the court's trial procedure and convenience, not a question concerning the merits of the case.").

## IV. CONCLUSION

The Court notes that the parties made arguments and cited cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion to bifurcate the statute of limitations (ECF No. 241) is denied.

The Clerk of Court is directed to terminate Plaintiff Vaisman Melanie, who remains on the docket in error.

DATED THIS 5th day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE