UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARISSA HARRIS, *et al.*, | Case No. 3:19-cv-00598-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| DIAMOND DOLLS OF NEVADA, LLC, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Compel to Arbitration Opt-In Plaintiffs Piazza, Sterritt, Anderson, and Tibbs.[1] (ECF No. 248 ("Motion").) For the following reasons, the Court grants the Motion.

This is a Fair Labor Standards Act ("FLSA") collective action case that has been ongoing for nearly five years. (ECF No. 1.) In December 2023, the Court granted Defendants' motion to compel arbitration and dismissed a number of Plaintiffs from this case. (ECF No. 202.) The docket currently reflects that there are nine remaining Plaintiffs in the case—Clarissa Harris, Rebecca Piazza, Diana Santos, Deanna Serkretarski, Kara Sterritt, Jacqueline Maureen Piazza, Shalana Anderson, Daniell Pritchett, and Tajsma Tibbs. Defendants ask the Court to order Plaintiffs Jacqueline Maureen Piazza, Kara Sterritt, Shalana Anderson, and Tajsma Tibbs to proceed to arbitration. (ECF No. 248 at 1.)

"When a motion to compel arbitration is filed, a 'court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to

---

[1]The Court has also reviewed Plaintiffs' response. (ECF No. 250.) Because of the straightforward legal issue raised and because the Court grants the Motion, the Court determines a reply is unnecessary.

comply therewith is not in issue shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.'" *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (cleaned up) (quoting 9 U.S.C. § 4). The Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

Thus, when considering a motion to compel arbitration, the FAA "limits the court's role to deciding whether: (1) a valid agreement to arbitrate exists between the parties and (2) the scope of the agreement encompasses the claims." *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024) (cleaned up). If the answer is yes on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with the agreement's terms. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Defendants assert that four of the remaining Plaintiffs—Jacqueline Maureen Piazza, Kara Sterritt, Shalana Anderson, and Tajsma Tibbs—have signed arbitration agreements requiring the Court to compel them to proceed to arbitration. (ECF No. 248 at 3.) These agreements, which are attached to the Declaration of Eric Epstein (ECF No. 248-1 at 3-39), are the same in form as those that the Court considered in its previous Order compelling arbitration (ECF Nos. 202; 248 at 3 n.1). Finding that the attached agreements are authentic for the same reasons articulated in the Court's previous Order, the Court finds that Defendants have shown the existence of valid agreements to arbitrate. (ECF No. 202 at 10-11.)

In light of these agreements between the Defendants and the four Plaintiffs and the Court's previous determination that "the language of the agreement leaves no doubt that Plaintiffs' claims are encompassed by the arbitration agreement," the Court must compel Plaintiffs Jacqueline Maureen Piazza, Kara Sterritt, Shalana Anderson, and Tajsma Tibbs to arbitration. (*Id.* at 8-12.)

It is therefore ordered that Defendants' Motion to Compel to Arbitration Opt-In Plaintiffs Piazza, Sterritt, Anderson, and Tibbs (ECF No. 248) is granted.

It is further ordered that Plaintiffs Jacqueline Maureen Piazza, Kara Sterritt, Shalana Anderson, and Tajsma Tibbs are dismissed and ordered to proceed to arbitration in accordance with their agreements.

DATED THIS 14th day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE